UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RANDY PALMER and YOLANDA PALMER,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTRYWIDE, BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No. 12-cv-01332 NC<br><br>**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO DISMISS WITH PREJUDICE** |

Plaintiffs Randy Palmer and Yolanda Palmer bring this action against defendant Countrywide, Bank of America, N.A., asserting various state law claims in connection with foreclosure proceedings on plaintiffs' residence. Bank of America removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiffs have not consented to jurisdiction of a magistrate judge under 28 U.S.C. § 636(a). This Court therefore lacks the authority to make a dispositive ruling in this case and orders that the case be REASSIGNED to a District Court Judge.

As plaintiffs have failed to prosecute this action or comply with Court orders, and as this Court previously warned plaintiffs that failure to prosecute would result in case dismissal, the Court RECOMMENDS that the District Court dismiss this action with prejudice under Federal Rule of Civil Procedure 41(b).

//

## I. BACKGROUND

On February 8, 2012, plaintiffs Randy Palmer and Yolanda Palmer filed this action against defendant Countrywide, Bank of America N.A., alleging various causes of action arising out of a foreclosure proceeding on their residence.  Not. Removal, Ex. A, Dkt. No. 1.  Specifically, plaintiffs assert state law causes of action, including breach of implied contract, fraud, and intentional misrepresentation, against Bank of America based on a notice of default issued on plaintiffs' residence.  *See id.*  Plaintiffs seek injunctive relief, monetary, including punitive damages, and attorney's fees and costs.  *See id.*

On March 16, 2012, defendant Bank of America removed this action to federal court.  *See id.*  After consenting to jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), Bank of America moved to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6).  Def.'s Mot. Dismiss, Dkt. No. 6.[1]

Under Civil Local Rule 7-3, plaintiffs' opposition or statement of non-opposition to the motion to dismiss was due no later than 14 days after the motion was served and filed, *i.e.*, on or before April 3, 2012.  *See* Civil L.R. 7-3(a)-(b).  Plaintiffs failed to file an opposition or statement of non-opposition to the motion to dismiss.  The Court also held a hearing on the motion to dismiss on May 2, 2012.  *See* Min. Order, Dkt. No. 10.  Plaintiffs also failed to appear at the hearing.  *See id.*

On April 30, 2012, the Court received a document entitled First Amended Complaint for Damages.  *See* Dkt. No. 9.  The Court rejected plaintiffs' deficient filing as plaintiffs failed to seek leave to file an amended complaint; plaintiffs' counsel failed to sign the amended complaint; and the complaint was captioned to the incorrect court.  *See* Order Granting Mot. Dismiss, Dkt. No. 11.

In its order granting Bank of America's motion to dismiss, the Court provided

---

[1] To date, plaintiffs have failed to consent or decline to the jurisdiction of a magistrate judge under 28 U.S.C. § 636.  *See* 28 U.S.C. § 636; *see also* Civil L.R. 73-1.

Case No. 12-cv-01332 NC
REFERRAL FOR REASSIGNMENT
WITH RECOMMENDATION TO DISMISS    2

1 plaintiffs 14 days from the filing date of the order, or May 16, 2012, to seek leave to file
2 an amended complaint.  *See* Order Granting Mot. Dismiss at 3.  The Court advised
3 plaintiffs that failure to seek leave to file an amended complaint within the prescribed
4 time period would result in recommendation that the case be dismissed with prejudice.
5 *See id.*

## II.  DISCUSSION

7 Rule 41(b) provides, in part: "[I]f the plaintiff fails to prosecute or to comply with
8 these rules or a court order, a defendant may move to dismiss the action or any claim
9 against it."  FED. R. CIV. P. 41(b).  A district court may dismiss an action sua sponte
10 under Federal Rule of Civil Procedure 41(b).  *Hells Canyon Preservation Council v. U.S.*
11 *Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a district court may
12 dismiss an action under Rule 41(b) sua sponte for a plaintiff's failure to prosecute or
13 comply with a court order).

14 Before dismissing an action for failure to prosecute or comply with a court order,
15 a court must weigh the following factors: (1) the public's interest in expeditious
16 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice
17 to defendants; (4) the availability of less drastic alternatives; and (5) the public policy
18 favoring disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642
19 (9th Cir. 2002).

20 Here, the first two factors strongly support dismissal of this action.  Plaintiffs'
21 failure to file an opposition to defendant's motion to dismiss, and plaintiffs' failure to
22 seek leave to file an amended complaint after being granted additional time to do so,
23 suggest that plaintiffs are not actively pursuing this litigation.  *See, e.g., Yourish v. Cal.*
24 *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious
25 resolution of litigation always favors dismissal.").  In addition, plaintiffs had notice of
26 the May 2, 2012 motion to dismiss hearing and failed to appear.  Min. Order, Dkt. No.
27 10.  Any further time spent by the court on this case, which plaintiffs have demonstrated
28 a lack of intention to prosecute, will needlessly consume judicial resources.  *See*

Case No. 12-cv-01332 NC
REFERRAL FOR REASSIGNMENT
WITH RECOMMENDATION TO DISMISS     3

1 plaintiffs 14 days from the filing date of the order, or May 16, 2012, to seek leave to file
2 an amended complaint.  *See* Order Granting Mot. Dismiss at 3.  The Court advised
3 plaintiffs that failure to seek leave to file an amended complaint within the prescribed
4 time period would result in recommendation that the case be dismissed with prejudice.
5 *See id.*

## II.  DISCUSSION

7 Rule 41(b) provides, in part: "[I]f the plaintiff fails to prosecute or to comply with
8 these rules or a court order, a defendant may move to dismiss the action or any claim
9 against it."  FED. R. CIV. P. 41(b).  A district court may dismiss an action sua sponte
10 under Federal Rule of Civil Procedure 41(b).  *Hells Canyon Preservation Council v. U.S.*
11 *Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a district court may
12 dismiss an action under Rule 41(b) sua sponte for a plaintiff's failure to prosecute or
13 comply with a court order).

14 Before dismissing an action for failure to prosecute or comply with a court order,
15 a court must weigh the following factors: (1) the public's interest in expeditious
16 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice
17 to defendants; (4) the availability of less drastic alternatives; and (5) the public policy
18 favoring disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642
19 (9th Cir. 2002).

20 Here, the first two factors strongly support dismissal of this action.  Plaintiffs'
21 failure to file an opposition to defendant's motion to dismiss, and plaintiffs' failure to
22 seek leave to file an amended complaint after being granted additional time to do so,
23 suggest that plaintiffs are not actively pursuing this litigation.  *See, e.g., Yourish v. Cal.*
24 *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious
25 resolution of litigation always favors dismissal.").  In addition, plaintiffs had notice of
26 the May 2, 2012 motion to dismiss hearing and failed to appear.  Min. Order, Dkt. No.
27 10.  Any further time spent by the court on this case, which plaintiffs have demonstrated
28 a lack of intention to prosecute, will needlessly consume judicial resources.  *See*

*Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

The third factor, which considers prejudice to the defendants as a result of plaintiffs' inaction, favors dismissal. *See id.* Plaintiffs' failure to file an opposition to the motion to dismiss, and failure to communicate with the court regarding their non-participation in this litigation, raises the real possibility that the defendants in this action will be forced to engage in further litigation against claims that plaintiffs are not actively pursuing. Such prejudice to a defendant weighs strongly in favor of dismissal. *See Yourish*, 191 F.3d at 991.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court previously pursued remedies less drastic than a recommendation of dismissal. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987). In its order granting Bank of America's motion to dismiss, the Court also warned plaintiffs that failure to seek leave to file an amended complaint would result in a recommendation of dismissal with prejudice. Warning a plaintiff that failure to take steps towards resolution of her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives. *See, e.g., Ferdik*, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citations omitted). Here, the court finds no suitable alternative to a recommendation for dismissal of this action.

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal. *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal").

As factors one, two, three, and five strongly support a recommendation of dismissal of this action, the Court finds these relevant factors outweigh the general

Case No. 12-cv-01332 NC
REFERRAL FOR REASSIGNMENT
WITH RECOMMENDATION TO DISMISS     4

public policy favoring disposition of actions on their merits.  *See Ferdik*, 963 F.2d at 1263; *see also Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

### III.  CONCLUSION

The Court concludes that four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety.  Accordingly, the Court recommends this case be dismissed with prejudice.  The parties may object to this recommendation within fourteen days of the filing date.  FED. R. CIV. P. 72(a); Civil L.R. 72-2.

IT IS SO ORDERED.

DATED: June 18, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge