IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PALMER and YOLANDA PALMER,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE, BANK OF AMERICA, N.A.,<br><br>Defendant.<br>_____/ | No. C-12-1332 MMC<br><br>**ORDER RE: MAGISTRATE JUDGE'S REFERRAL AND RECOMMENDATION; AFFORDING PLAINTIFFS LEAVE TO FILE FIRST AMENDED COMPLAINT** |

     Before the Court is the Referral for Reassignment with Recommendation to Dismiss with Prejudice, filed June 18, 2012 by Magistrate Judge Nathaniel M. Cousins. Having read and considered the recommendation, plaintiffs' complaint, and defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court rules as follows:

     1. The Court finds the complaint is subject to dismissal, pursuant to Rule 12(b)6), as follows:

          a. The First Cause of Action, by which plaintiffs allege claims for breach of contract and for violation of § 2923.5 of the California Civil Code, fails to state a claim; specifically, plaintiffs fail to allege any facts to support their conclusory assertions that defendant either breached a contractual term (see Compl. ¶¶ 32, 33) or failed to comply

with § 2923.5 (see Compl. ¶¶ 28-30).  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding "legal conclusions . . . must be supported by factual allegations" in order to state claim).

   b.  The Second, Third and Fifth Causes of Action, each of which alleges a claim of fraud, fail to state a claim because said causes of action are not pleaded in conformity with Rule 9(b); specifically, plaintiffs fail to identify with specificity the false statement(s) or omission(s), fail to allege facts to support a finding that any such statement or omission was false or misleading when made, and fail to identity the speaker(s).  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged") (internal quotation and citation omitted).  Additionally, plaintiffs fail to allege any facts to establish their conclusory assertion that they relied to their detriment on any statement made by defendant.  See Hunter v. Up-Right, Inc., 6 Cal. 4th 1174, 1184 (1994) (holding essential element of fraud claim is "justifiable reliance" on false statement).

   c.  The Fourth Cause of Action, by which plaintiffs allege a violation of § 2923.6 of the California Civil Code, fails to state a claim because § 2923.6 does not create any duties on the part of a lender.  See Mabry v. Superior Court, 185 Cal. App. 4th 208, 211 (2010) (holding "2923.6 merely expresses the hope that lenders will offer loan modifications on certain terms").

   d.  The Sixth Cause of Action, by which plaintiffs allege a claim for declaratory relief, fails to state a claim because said cause of action, as pleaded, is entirely derivative of the First through Fifth Causes of Action.

  2.  Because, with the exception of the Fourth Cause of Action, it is not clear from the record that plaintiffs could not cure the deficiencies identified above, the Court finds it appropriate to afford plaintiffs leave to amend.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment.").  Should plaintiffs wish to file a First Amended Complaint, plaintiffs shall file

said pleading no later than August 3, 2012.[1]  In any such First Amended Complaint, plaintiffs may amend the First, Second, Third, Fifth and/or Sixth Causes of Action as set forth above.  Plaintiffs may not add any new causes of action or add any new defendant without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

Dated:  July 17, 2012

MAXINE M. CHESNEY
United States District Judge

---

[1] On April 30, 2012, plaintiffs filed a "First Amended Complaint for Damages," which pleading was stricken by order filed May 2, 2012 by the Magistrate Judge.  The Court observes that said amended complaint would not have cured any of the deficiencies identified in the instant order.