IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RANDY PALMER and YOLANDA PALMER,

    Plaintiffs,

  v.

COUNTRYWIDE, BANK OF AMERICA, N.A.,

    Defendants.

No. C-12-1332 MMC

**ORDER GRANTING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS AND REQUEST FOR SANCTIONS; VACATING NOVEMBER 30, 2012 HEARING**

    Before the Court is defendants "Motion to Expunge Lis Pendens," filed October 15, 2012. Plaintiffs have not filed opposition. Having read and considered the papers filed in support of the motion, the Court finds the matter suitable for decision on the moving papers, VACATES the hearing scheduled for November 30, 2012, and rules as follows.

### BACKGROUND

    On February 17, 2012, plaintiffs filed the instant action, alleging in their complaint that they owned certain real property in Fresno, California, and that defendants had instituted non-judicial foreclosure proceedings without having a legal right to do so. (See Compl. ¶¶ 5, 21-22, 49.) On February 21, 2012, plaintiffs recorded with the Fresno County Recorder a "Lis Pendens," stating therein that the Fresno property was the subject of litigation. (See Defs.' Req. for Judicial Notice Ex. D.) On July 17, 2012, the Court dismissed plaintiffs' complaint, with leave to amend, for failure to state a claim upon which relief could be granted. After plaintiffs failed to file an amended complaint within the time

provided in the July 17, 2012 order, the Court, on August 7, 2012, dismissed the action with prejudice. On August 8, 2012, the Clerk of the Court entered judgment on the Court's order. Plaintiffs did not file a notice of appeal from the judgment. Thereafter, counsel for defendants prepared and sent to plaintiffs' counsel, on three separate occasions, a proposed "Notice of Withdrawal of Notice of Pendency of Action (Lis Pendens)," and requested plaintiffs' counsel sign said document and return it to defendants' counsel, who offered to record it. (See Li Decl. Ex. 2.) Counsel for plaintiffs did not sign the proposed notice, and plaintiffs have not otherwise withdrawn the notice they recorded with the Fresno County Recorder.

**DISCUSSION**

By the instant motion, defendants seek an order expunging the Lis Pendens plaintiffs recorded with the Fresno County Recorder and, additionally, seek to recover the attorney's fees they incurred in filing the instant motion.

**A. Expungement**

Under California law,[1] "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged," see Cal. Code Civ. Proc. § 405.20, which notice is known as a "lis pendens," see Mix v. Superior Court, 124 Cal. App. 4th 987, 992-93 (2005). "[T]he court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Code Civ. Proc. § 405.32. Where a trial court has resolved on the merits a real property claim against the party who recorded the notice, "the lis pendens must be expunged unless the trial court is willing to find that the probabilities are that its own decision will be reversed on appeal." See Mix, 124 Cal. App. 4th at 996 (emphasis in original).

Here, as discussed above, plaintiffs' claims have been resolved against them on the merits, and plaintiffs have not filed a notice of appeal from the judgment. Because the

---

[1]The Court had diversity jurisdiction over plaintiffs' claims.

2

deadline to file a notice of appeal has passed, see Fed. R. App. P. 4(a)(1) (providing deadline to file notice of appeal is "30 days after entry of the judgment"), the Court finds there is no reasonable probability this Court's decision will be reversed on appeal.

Accordingly, defendants are entitled to an order expunging the notice previously recorded by plaintiffs.

**B. Attorney's Fees**

Under California law, "[t]he court shall direct that the party prevailing on any motion under [§ 405.32] be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." See Cal. Code Civ. Proc. § 405.38.

The instant motion was necessitated by plaintiffs' failure to voluntarily withdraw the notice, despite their having been provided several opportunities to do so. Given that plaintiffs did not file a notice of appeal from the judgment entered against them, there can exist no substantial justification for plaintiffs' failure. Further, nothing in the record indicates there exists any circumstance suggesting the imposition of attorney's fees would be unjust.

Accordingly, the Court finds defendants are entitled to recover the fees reasonably incurred in filing the instant motion, which fees, as defendants have demonstrated (see Richardson Decl. ¶ 3), are $840.00.

**CONCLUSION**

For the reasons stated above, defendants' motion is hereby GRANTED, as follows:

1. The Lis Pendens recorded with the Fresno County Recorder on February 21, 2012 is hereby expunged.

2. Defendants are awarded attorney's fees in the amount of $840.00.

**IT IS SO ORDERED.**

Dated: November 20, 2012

MAXINE M. CHESNEY
United States District Judge